**UNITED STATES of America, Plaintiff,**

v.

**Gordon D. BERG, et al., Defendants.**

**No. CV–98–5628 OWW LJO.**

United States District Court,
E.D. California,
Fresno Division.

Oct. 5, 1999.

Michael J. Desmond, United States Department of Justice, Tax Division, Washington, DC, for plaintiff.

Jason William Harrel, Richard S. Calone Incorporated, Stockton, CA, Stephen Gregory Lewis, Long Beach, CA, Andrew M. Gold, Bogatin Corman and Gold, San Francisco, CA, Kristin Engstrom, Attorney General's Office of the State of California, Sacramento, CA, Victoria A. Halliday, Stanislaus County Counsel, Modesto, CA, Charles J. Philipps, Law Offices of Charles J Philipps, Corte Madera, CA, for defendants.

Mary A. Berg, Fresno, CA, pro se.

James V. Gregory, Fresno, CA, pro se.

MEMORANDUM OPINION AND ORDER

WANGER, District Judge.

## I. *INTRODUCTION*

On May 4, 1998, the United States filed suit to enforce various tax liens recorded against real property owned by Defendant Gordon D. Berg. (Doc. 1) The liens resulted from Berg's failure to pay federal employment taxes. Specifically, as an employer, he failed to pay Federal Insurance Contribution Act Taxes (hereinafter Form 941 or FICA taxes) for various tax periods between the tax period ending March 31, 1979 and the tax period ending December 31, 1984 (Pl. Facts ¶ 3 – 86); and Federal Unemployment Tax Act taxes (hereinafter Form 940 or FUTA taxes) for various tax periods between the

tax periods ending December 31, 1978 and December 31, 1984 (Pl. Facts ¶ 88 – 114). In addition, as a result of the unpaid federal employment tax liability, a trust fund recovery penalty was assessed against Berg. (Pl. Facts ¶ 116). The amounts in question are as follows:

| | |
|---|---|
| Form 941 | $483,189.56 |
| Form 940 | $ 42,566.65 |
| Trust Fund Recovery Penalty | $ 20,037.24 |
| | $549,793.45 |

To collect these taxes, Plaintiff filed liens on various tracts of real property owned by Berg: one in Modesto and two in Fresno, referred to as the "Church Avenue" and the "Barcus Avenue" properties. Named as defendants were all persons and entities having an interest in the real property affected by the tax liens, including the State of California Employment Development Department (EDD) Indemnity Company of California (Indemnity), and Jonathan Neil (Neil). EDD claims that it has four liens against Berg for unemployment insurance liability, two recorded in Fresno County and two recorded in Stanislaus County. Indemnity claims that it has a judgment lien against Berg recorded in both Fresno and Stanislaus counties. Neil has not appeared and his default has been taken.

Plaintiff's complaint contains four counts. The first seeks to reduce the federal tax assessments against Berg to judgment. The second is for foreclosure of the federal tax liens encumbering the Modesto property. These liens represent the amount owed for the Form 941 and 940 violations. The third seeks foreclosure of federal tax liens encumbering the Church Avenue Property. The fourth claim seeks foreclosure of federal tax liens encumbering the Barcus Avenue Property. The liens affecting both the Church Avenue and the Barcus Avenue Properties represent the amounts owed for the Form 941, Form 940 and the trust fund recovery violations.

Pending before the Court are several motions. The first was filed by Plaintiff on July 13, 1999. Plaintiff requests partial summary judgment against Defendant on the first count of the complaint, or, in the alternative, sanctions against Defendant Berg for failure to respond to interrogatories. Specifically, Plaintiff requests determination of liability for the Form 941 and Form 940 taxes owed, as well as the trust fund recovery penalty. (Pl.Br. I at 3) Both EDD and Indemnity filed statements of non-opposition to the Plaintiff's motion for partial summary judgment.

Plaintiff's second motion, filed July 28, 1999, seeks to voluntarily dismiss the second count, entry of summary judgment on the third and fourth counts, and entry of default judgment against Defendant Jonathan Neil. Plaintiff grants that the liens on the properties from the Forms 941 and 940 taxes have been released, but asserts that the properties remain encumbered by a priority tax lien arising from the trust fund recovery penalty in the amount of $20,037.24 for the second quarter of 1994. (Pl.Br. II at 2) Indemnity, on August 30, 1999, filed a notice of non-opposition to the motion.

The third motion, by EDD, filed July 29, 1999, seeks "Partial Summary Judgment as to Validity and Amount of Liens and Tax Liability." At issue is the continued validity of EDD's liens after EDD's failure to refile them on their statutory expiration. On August 30, 1999, Indemnity entered its opposition to EDD's motion for partial summary judgment. On August 31, 1999, Plaintiff filed a statement of non-opposition to EDD's motion.

The fourth and final motion, filed by Indemnity on August 31, 1999, is a Counter–Motion for Partial Summary Judgment. It seeks an adjudication that the three contested EDD liens are no longer valid as a matter of law. EDD opposes this motion.

## II. *LEGAL STANDARD*

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c); *see Maffei v. Northern Ins. Co. of New York*, 12 F.3d 892, 899 (9th Cir.1993). A genuine issue of fact exists when the non-moving party produces evidence on which a reasonable trier of fact

could find in its favor viewing the record as a whole in light of the evidentiary burden the law places on that party. *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir.1995); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252–56, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The non-moving party cannot simply rest on its allegation without any significant probative evidence tending to support the complaint. *U.A. Local 343 v. Nor–Cal Plumbing, Inc.*, 48 F.3d 1465, 1471 (9th Cir.), *cert. denied*, 516 U.S. 912, 116 S.Ct. 297, 133 L.Ed.2d 203 (1995).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The more implausible the claim or defense asserted by the opposing party, the more persuasive its evidence must be to avoid summary judgment. *United States ex rel. Anderson v. Northern Telecom, Inc.*, 52 F.3d 810, 815 (9th Cir.), *cert. denied*, 516 U.S. 1043, 116 S.Ct. 700, 133 L.Ed.2d 657 (1996). Nevertheless, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in its favor." *Liberty Lobby*, 477 U.S. at 255, 106 S.Ct. 2505. A court's role on summary judgment, however, is not to weigh the evidence, *i.e.*, issue resolution, but rather to find genuine factual issues. *Abdul–Jabbar v. General Motors Corp.*, 85 F.3d 407, 410 (9th Cir.1996).

■ Evidence submitted in support of or in opposition to a motion for summary judgment must be admissible under the standard articulated in 56(e). *See Keenan v. Hall*, 83 F.3d 1083, 1090 n. 1 (9th Cir.1996); *Anheuser–Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 345 n. 4 (9th Cir.1995). Properly authenticated documents, including discovery documents, although such documents are not admissible in that form at trial, can be used in a motion for summary judgment if appropriately authenticated by affidavit or declaration. *United States v. One Parcel of Real Property*, 904 F.2d 487, 491–492 (9th Cir. 1990). Supporting and opposing affidavits must be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Fed.R.Civ.P. 56(e); *Conner v. Sakai*, 15 F.3d 1463, 1470 (9th Cir.1993), *rev'd on other grounds sub nom. Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

## III. *DISCUSSION*

### A. *MOTION FOR PARTIAL SUMMARY JUDGMENT MADE BY PLAINTIFF JULY 13, 1999*

Plaintiff's summary judgment motion is to fix Defendant Berg's liability for the aforementioned federal employment taxes. "In an action to collect taxes, the government bears the initial burden of proof [of taxpayer's liability]." *Palmer v. Internal Revenue Service*, 116 F.3d 1309, 1312 (9th Cir.1997) (citing *United States v. Stonehill*, 702 F.2d 1288, 1289 (9th Cir.1983)). The burden is met if the government can produce of an official certificate of assessment, such as the Form 4340, *see Hughes v. United States*, 953 F.2d 531, 535 (9th Cir.1992), because "a presumption of correctness attaches to the assessment, and its introduction establishes a prima facie case." *Stonehill*, 702 F.2d at 1293.

■ In support of its motion, the U.S. has introduced a Form 4340 chronicling assessments against Berg for the Form 941 liabilities (Pl.Ex.3), the Form 940 liabilities (Pl. Ex.4), and the trust fund penalty (Pl.Ex.6). Since the government has introduced an official certificate of assessment and such a document establishes a prima facie case, the government has met its burden.

Once the moving party meets its burden of proof, the opposing party bears he burden to establish that a genuine issue of material fact actually does exist. *See Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Here, the opposing party, Defendant Berg, has not met his burden. Although his answer disputes many of the government's claims (Doc. 49), he offers no evidence to support the disputations. Subsequently, he has offered no evidence to support his disputations. "A party cannot withstand a motion for summary judgment merely by asserting that the facts are disputed; he must present sufficient evidence to the court to show that there is indeed a genuine issue of material fact." *Bollow v. Federal Reserve Bank of San Francisco,* 650 F.2d 1093, 1103 (9th Cir. 1981). No evidence rebuts Plaintiff's prima facie case. Summary judgment on the issue of Defendant Berg's tax liability is GRANTED.

## B. *MOTION FILED BY PLAINTIFF JULY 29, 1999*

Plaintiff's second motion seeks voluntary dismissal of the second count, partial summary judgment on the third and fourth counts, and default judgment against Defendant Neil.

### 1. *Voluntary Dismissal of the Second Count*

Rule 41(a)(2) allows a plaintiff, with the approval of the court, to dismiss an action without prejudice at any time "upon such terms and conditions as the court deems proper...." Fed.R.Civ.P. 41(a)(2). A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion. *See Stevedoring Servs. of Am. v. Armilla Int'l,* 889 F.2d 919, 921 (9th Cir.1989).

■ A motion for voluntary dismissal should be granted unless the defendant shows it will suffer some plain legal prejudice as a result. *See Waller v. Financial Corp. of Am.,* 828 F.2d 579, 583 (9th Cir.1987); *Hamilton v. Firestone Tire & Rubber Co.,* 679 F.2d 143, 145 (9th Cir.1982). Plain legal prejudice may be shown where actual legal rights are threatened or where monetary or other burdens appear to be extreme or unreasonable. *See Watson v. Clark,* 716 F.Supp. 1354, 1356 (D.Nev.1989), *aff'd,* 909

F.2d 1490, 1990 WL 111365 (9th Cir.1990). Factors to consider in determining legal prejudice are:

(1) The defendant's effort and expense involved in preparing for trial;

(2) Excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action;

(3) Insufficient explanation of the need to take a dismissal; and

(4) The fact that summary judgment has been filed by the defendant.

*Paulucci v. City of Duluth,* 826 F.2d 780, 783 (8th Cir.1987); *see also, Grover v. Eli Lilly & Co.,* 33 F.3d 716, 718 (6th Cir.1994); *United States v. Outboard Marine Corp.,* 789 F.2d 497, 502 (7th Cir.1986). The prejudice resulting from uncertainty over title to land is also a valid consideration. *Ferguson v. Eakle,* 492 F.2d 26, 29 (3d Cir.1974). Plain legal prejudice does not occur where the defendant merely faces the threat of a second lawsuit or a tactical disadvantage. *Hamilton,* 679 F.2d at 145.

The suit may be dismissed with or without prejudice, and the dismissal may be conditioned on terms that are proper or necessary to avoid prejudice to the defendant. *See Koch v. Hankins,* 8 F.3d 650, 652 (9th Cir. 1993).

■ Defendant Berg will suffer no legal prejudice if voluntary dismissal is granted. He appears to only have engaged in minimal effort and expense to defend this case. Although he recently retained counsel, there have been no recent filings and only the initial appearance by Berg. Plaintiff has not unduly delayed prosecution. In fact, Defendant Berg is the primary cause of delay. Additional time had to be granted in order to serve him. (Doc. 29) Further, Plaintiff has provided substantial documentation with respect to why the motion should be granted. Plaintiff's liens have been statutorily released and therefore no longer encumber the Modesto property. Thus, Plaintiff no longer has a valid foreclosure claim. Defendant Berg has not moved for summary judgment. Plaintiff's motion for voluntary dismissal of

the second count is GRANTED without prejudice.

## 2. *Partial Summary Judgment on the Third Claim*

The United States seeks foreclosure of the Church Avenue Property to collect the trust fund penalty assessment plus statutory interest. A district court is granted the authority to order a foreclosure by statute. *See* 26 U.S.C. § 7403(c) (1994) (the court "shall ... adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property").

In support of its motion, Plaintiff provides a copy of the federal government's lien against the Church Avenue property. A lien in favor of the United States arises when an assessment is made against a taxpayer and the taxpayer neglects or refuses to pay it. *See* 26 U.S.C. §§ 6321–6322 (1994). As discussed above, an assessment by the U.S. establishes a prima facie case against the taxpayer.

"A federal tax lien, however, is not self-executing. Affirmative action by the IRS is required to enforce collection of the unpaid taxes." *United States v. National Bank of Commerce,* 472 U.S. 713, 720, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985). The instant action is such affirmative action. Another prerequisite to foreclosure is that all persons who have liens or claim interest in the property be made parties to the action. *See* 26 U.S.C. § 7403(b). The government has met this requirement by naming as defendants all parties who might have an interest in the Church Avenue Property.[1]

No opposition has been filed to the motion for summary judgment as to the third count. A non-movant cannot rely on pleadings or withstand summary judgment without introducing evidence to establish a disputed issue of material fact. Plaintiff's motion for summary judgment on the third count is GRANTED.

---

1. Even though there are numerous interests attached to the Church Avenue property, a district court is empowered to subject the property to a foreclosure. *See United States v. Overman,* 424 F.2d 1142 (9th Cir.1970) (holding that the district court can subject a whole property to a

## 3. *Partial Summary Judgment on the Fourth Count*

Plaintiff also moves to foreclose the Barcus Avenue Property to collect the trust fund recovery penalty. The foreclosure analysis for this property is the same as for the Church property. Plaintiff has established a prima facie case that the money is owed, the existence of the trust fund recovery penalty, and that the lien is enforceable. Plaintiff has joined all parties with an interest in the property, and there is no issue of material fact respecting the validity of the lien or that it should be foreclosed. Summary judgment as to the fourth claim is GRANTED.

## 4. *Default Judgment Against Jonathan Neil*

The fourth matter addressed by the United States' second motion for partial summary judgment is a request to enter default judgment against Jonathan Neil. Neil has not appeared in the case. Plaintiff requested default against Neil on December 15, 1998 (Doc. 52), and the clerk entered the default December 18, 1998 (Doc. 54).

As a general rule, default judgment is disfavored; resolution on the merits of a claim is preferred. *See Pena v. Seguros La Comercial, S.A.,* 770 F.2d 811, 814 (9th Cir. 1985). In addition, the decision to enter judgment of default against a party is discretionary, *see Eitel v. McCool,* 782 F.2d 1470, 1471 (9th Cir.1986), and the following factors are considered:

(1) Possible prejudice to the plaintiff;

(2) The merits of the plaintiff's substantive claims;

(3) The sufficiency of the Complaint;

(4) The damages or sum of money at stake;

(5) The possibility of a dispute concerning material facts;

forced sale, not just the delinquent taxpayer's interest, and providing that the other owner(s) get "just compensation"); *see also United States v. Rodgers,* 461 U.S. 677, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983).

(6) Whether the entry of default was due to excusable neglect;

(7) The strong policy favoring resolution on the merits.

*Id.* at 1471–72 (citing 6 Moore's Federal Practice ¶ 55–05[2], at 55–24 to 55–26).

Of particular importance is that if the non-movant has appeared, written notice must be provided at least three days prior to the hearing. *See* Fed.R.Civ.P. 55(b)(2) ("If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application."); *Ringgold Corporation v. Worrall,* 880 F.2d 1138, 1140 (9th Cir.1989) ("A failure to satisfy the notice requirement specified in Rule 55(b)(2) is considered a serious procedural error that usually justifies reversal on appeal or setting aside of a default."). Appearance need not be formal: "In limited situations, informal contacts between the parties have sufficed when the party in default has thereby demonstrated a clear purpose to defend the suit." *In re Roxford Foods,* 12 F.3d 875, 879 (9th Cir.1993).

The record suggests that informal contacts between Plaintiff and Neil exist. One such indication is that Neil retained Robert L. Pollack, Glassberg, Pollack & Auerbach as counsel. Pollack is listed as such in the proposed Joint Scheduling Report. (Doc. 33). In addition, Plaintiff (Docs. 27, 28, 29) and at least one co-Defendant (Doc. 31) replaced Neil by Pollack on the service list. Further, Pollack was served with the United States' Request to Enter Defaults. (Doc. 52)

■ Plaintiff did not include either Neil or his attorney on its proof of service when it made the motion for default judgment. Until Plaintiff corrects the notice deficiency, the motion as to Neil is DENIED without prejudice.

### C. *DEFENDANT EDD'S MOTION FOR PARTIAL SUMMARY JUDGMENT*

On July 29, 1999, EDD filed a "Motion for Partial Summary Judgment as to Validity of Lien and Amount of Tax Liability." At issue are three liens filed by EDD against the property of Defendant Berg. The first was filed May 25, 1988 in Stanislaus County, the second August 15, 1988 in Fresno County and the third August 16, 1988 in Fresno County. The liens reflect Berg's state unemployment insurance tax liability from 1980–85. California Government Code Section 7172 states that a California state tax lien is automatically extinguished ten years from the date of recording unless it is extended by the recording of a new notice of state tax lien. *See* Cal.Govt.Code § 7172 (1995). It is undisputed that there has been no extension of the three liens at issue.

■ EDD argues that if a suit to collect on a lien is commenced prior to the expiration of a lien, the lien is valid and enforceable, notwithstanding failure to refile. This is the case with respect to federal tax liens. *See* 26 C.F.R. § 301.6323(g)–1 (1998); *United States v. Valco Enterprises, Inc.,* 1992 WL 122702, *5 (D.Mass.); *Title Guar. Co. of Wy. Inc. v. Internal Revenue Serv.,* 667 F.Supp. 767, 771 (D.Wyo.1987); *Federal Deposit Ins. Corp. v. Internal Revenue Serv.,* 1987 WL 15460, *2 (N.D.Ga.). EDD asks that this federal tax principle be extended sua sponte to state tax proceedings. Although federal law determines the relative priority of conflicting claims where a federal agency is involved, *see United States v. California–Oregon Plywood, Inc.,* 527 F.2d 687, 688 (9th Cir.1975), status as a lienor is governed solely by state statute, *see In re Cummins,* 656 F.2d 1262, 1264 (9th Cir.1981) (citing *Smith v. Addiego,* 54 Cal.App.2d 230, 129 P.2d 953, 957 (1942)). EDD has no standing under federal law to enforce a state tax lien. State law requires strict compliance for the enforcement of tax liens. Defendant EDD's motion for partial summary judgment is DENIED.

### D. *DEFENDANT INDEMNITY'S MOTION FOR PARTIAL SUMMARY JUDGMENT*

The first issue to resolve with respect to Indemnity's Counter–Motion for Partial Summary Judgment is timeliness, raised by EDD in its opposition. EDD argued that the motion was untimely because it was not filed

in accordance with the time limits set forth in Local Rule 78–230(b). EDD is correct in that the counter-motion did not conform with the time limits set in Rule 78–230(b). However, it is not required that Indemnity's motion conform with Rule 78–230(b) because Indemnity's motion is a counter-motion and is therefore governed by Rule 78–230(e), entitled "Related or *Counter–Motions.*" (Emphasis added) To be timely filed, counter-motions must conform "in the manner and on the date prescribed for the filing of opposition." Local Rule 78–230(e) Opposition is governed by Local Rule 78–230(c): "Opposition ... Shall be filed ... not less than fourteen (14) days preceding the noticed (or continued hearing date)." Here, the hearing for all dispositive motions was set for September 13, 1999. Indemnity filed its counter-motion August 30, 1999. August 30, 1999 is fourteen days before September 13, 1999. Therefore, Indemnity's motion was timely filed and will be considered.

With the issue of timeliness resolved, the substance of the counter-motion must be considered. The state liens have been extinguished by state law. Indemnity's motion for partial summary judgment is GRANTED.

## IV. *CONCLUSION*

For the foregoing reasons, IT IS ORDERED:

1. The motions for PARTIAL SUMMARY JUDGMENT by the United States on the FIRST, THIRD, AND FOURTH COUNTS of the complaint are GRANTED.

2. The motion for VOLUNTARY DISMISSAL by the United States of the SECOND COUNT of the complaint is GRANTED.

3. The motion for entry of DEFAULT JUDGMENT by the United States against Jonathan Neil is DENIED without prejudice.

4. EDD's motion for PARTIAL SUMMARY JUDGMENT as to the validity of the State's liens is DENIED.

5. The cross-motion for PARTIAL SUMMARY JUDGMENT by Indemnity Corporation with respect to the validity of the State's liens is GRANTED.

6. The attorney for the United States SHALL LODGE with the Court within five days following the date of service of this decision a form of judgment and order in conformity with this decision.

SO ORDERED.